JOSEPH TITCOMB

*vs.*

KENNEBUNK MUTUAL FIRE INSURANCE COMPANY.

York.    Opinion March 14, 1887.

*Corporations.    Mutual insurance companies.    Assets.    Dissolution.*
When a corporation, which, like a mutual insurance company, has no stock-
holders, is dissolved, its personal property, if any, which remains after dis-
charging all liabilities against the company, vests in the state.

ON report.

Bill in equity to dissolve the defendant corporation and obtain
an order for distribution of the fund remaining on hand.

*Walter L. Dane*, for plaintiff.

*R. P. Tapley*, for the corporators.

*Bourne and Son*, for policy holders.

In *Carlton* v. *Southern Mut. Ins. Co.*, decided by the
Supreme Court of Georgia, June 10, 1884, reported in the
Reporter July 16, 1885, the court hold, " That a mutual insurance
company is based on the idea that each of the assured becomes
one of the assurers, and thereby becomes interested in the
profits, and liable for the losses.   That such an organization,
without a charter, would be governed by the general law regu-
lating partnerships, and except as governed by the charter.
Equity will apply the law of partnership in respect to the interest
in and division of profits."

WALTON, J.   The Kennebunk Mutual Fire Insurance Company
was incorporated in 1856.   It has issued no policies since 1877.

In 1884, its last policy having expired, the company voted to
close up its affairs and to do no more business.   A decree has
been obtained at *nisi prius* dissolving the corporation, from
which no appeal has been taken or claimed; and the only
question before the law court is to determine what shall be done
with the assets of the company.   Our statutes contain ample
provisions for the disposition of the assets of stock companies.

R. S., c. 46, § § 25, 26, 27 and 54. But this is a mutual company and has no stockholders, and the provisions cited do not apply. According to the old settled law of the land, says Chancellor Kent, upon the civil death of a corporation, when there is no special statute to the contrary, all its real estate reverts to the grantors and their heirs, and all its personal estate vests in the people. 2 Kent, (10th ed.) 385–6. To the same effect is Angell and Ames on Cor. c. 22, § 6 (2d ed.).

But it is said that in this class of cases the corporators named in the act of incorporation should be regarded as stockholders. They are not stockholders; and to hold that they are would be a fiction, and fictions are not favored, and are never resorted to except to work out some strong and inherent equity; and there is no such equity in favor of the corporators of a mutual insurance company. They contribute nothing towards its assets, and we think it would be against public policy to allow them to have a pecuniary interest in them. Such an interest would inevitably tend to create a temptation to fix the rates of insurance higher than would be necessary to meet losses; and then, when a surplus had been thus obtained, to divide it among themselves, and thus reap a profit from a business in which they had invested no capital and had taken no risks; and this at the expense of the policy holders. We think there is a much stonger equity in favor of the former policy holders, whose money has contributed to produce the assets. But we do not think they can be regarded as stockholders after their policies have expired and their premium notes have been cancelled or given up to them. They have then received in full the benefits for which they contracted, and are no longer members of the company; and to distribute among them a small amount of assets, and to determine what each former policy holder's share ought in equity to be, would be attended with difficulties and an amount of labor which the end would not justify. When a man dies leaving no wife or kindred, his property descends to the state. And when a corporation, which, like a mutual insurance company, has no stockholders, ceases to exist, we are not prepared to say that the

rule of the common law, which gives its surplus assets to the state, is not a wise one.

But it is said that unless the corporators can be regarded as stockholders, the court has no authority to decree a dissolution of the corporation. It is a sufficient answer to this argument to say that the question of dissolution is not before the law court. The court at *nisi prius* decreed a dissolution in May, 1885. From that decree no appeal was taken or claimed. It was made at the request of the corporators; and so far as appears, no objection was made by any one. Thereupon a receiver was appointed and the case was sent to a master; and it was upon the coming in of the master's report that the question, and the only question now before the law court, was first raised. It is now too late to object to the dissolution of the corporation. The only question is what shall be done with the small amount of assets now in the possession of the receiver. They amount to only one thousand four hundred and three dollars and twenty-three cents, and a safe.

It is the opinion of the court, and it is accordingly ordered and decreed that the receiver pay the costs of this suit, including reasonable counsel fees, and that he pay the balance, if any shall remain, to the state treasurer for the use of the state.

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.